1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  PAMELA T. JOHANN (CABN 145558)
   Chief, Civil Division
3  EMMET P. ONG (NYRN 4581369)
   Assistant United States Attorney
4
5      1301 Clay Street, Suite 340S
       Oakland, California 94612-5217
6      Telephone: (510) 637-3929
       Facsimile: (510) 637-3724
7      E-mail: emmet.ong@usdoj.gov
8
   Attorneys for the UNITED STATES OF AMERICA
9

10                       UNITED STATES DISTRICT COURT

11                      NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13
   IN RE:                                    )  Case No.
14                                           )
                                             )
15 REQUEST FOR INTERNATIONAL JUDICIAL        )  **UNITED STATES' MEMORANDUM OF**
   ASSISTANCE FROM THE SEOUL NORTHERN        )  **LAW IN SUPPORT OF** *EX PARTE*
16 DISTRICT COURT IN SEOUL, REPUBLIC OF      )  **APPLICATION FOR ORDER PURSUANT**
   KOREA IN MATTER OF KIM JAEMO              )  **TO 28 U.S.C. § 1782**
17                                           )
                                             )
18                                           )
                                             )
19

The United States of America, by and through its counsel, submits this memorandum of law in support of the *ex parte* application for an order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Seoul, Republic of Korea for international judicial assistance to obtain a statement from Google LLC ("Google").

## I. INTRODUCTION

The request for international judicial assistance comes from the Seoul Northern District Court in Seoul, Republic of Korea ("Korea Court"). Specifically, the Korea Court has issued a Letter of Request, dated May 13, 2024, requesting judicial assistance to obtain evidence for use in the civil action *Matter of Kim Jaemo*, No. 2023KASO363902 (Foreign Reference No. 2024-F-1660). *See generally* Declaration of Emmet P. Ong ("Ong Decl."), Ex. A (Letter of Request).

The facts of this case, as stated in the Letter of Request, indicate that the Korea Court is adjudicating a civil action brought by an individual, Kim Jaemo, seeking compensation for damages (intellectual property rights) related to the unauthorized use of photos. *Id.*, Ex. A at 6 (Letter of Request ¶ 7.a, b). To assist the plaintiff, the Korea Court is requesting the following evidence from Google with respect to the owners of the YouTube accounts with the usernames @jiayun9341, @siukim3096, and @ronsanders: (1) "Personal information entered at the time of registration (name, resident registration number, address, email, contact information); and (2) "The phone number used to verify their YouTube channel." *Id.*, Ex. A at 6 (Letter of Request ¶ 8.a); *see also id.* at 3–4 (indicating that the sender of the

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.,* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

request is Kim Eun Sil, Director of International Affairs, National Court Administration, Republic of Korea).

The Korea Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention]. Ong Decl. Ex. A at 3 (explaining that the request is being made under the " Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civi1 or Commercial Matters"). The request was then transmitted to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.*, Ex. A at 1–2 (Letter from OIJA to U.S. Attorney's Office (June 14, 2024)). To execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## II.   ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

On August 20, 2024, the United States sent a letter to Google requesting its voluntary compliance with the Letter of Request. Ong Decl. ¶ 4. On August 30, 2024, the undersigned counsel for the United States conferred with Google's outside counsel, who requested that the United States serve a subpoena requesting the evidence sought by the Letter of Request. *Id.*.

## III.   ARGUMENT

### A.   The HCCH 1970 Evidence Convention

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and the Republic of Korea.

Hague Conference on Private International Law, *Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated June 23, 2023) (stating that the HCCH 1970 Evidence Convention entered into force in the Republic of Korea on February 12, 2010).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10.  Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts.  *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971).  *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

**B.     Statutory Considerations Weigh in Favor of Granting the United States' Application**

The authority for this Court to assist foreign tribunals in obtaining testimony, statements, documents, or other things is contained in 28 U.S.C. § 1782.  This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter

rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *see also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Korea Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or entity from whom discovery is sought

resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of § 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is met. First, Google "resides or is found in" the Northern District of California because its principal place of business is located in Mountain View, California, which is in Santa Clara County. Ong Decl. ¶ 5. Second, the Letter of Request explains that the requested evidence is "for use in a proceeding before a foreign tribunal" because such evidence is needed to establish the claims of the plaintiff. The dispute before the Korea Court concerns a civil action seeking compensation for damages (intellectual property rights) related to the unauthorized use of photos. *Id.*, Ex. A at 6 (Letter of Request ¶ 7.a, b). At the plaintiff's request, the Korea Court is seeking the name and other identifying information concerning the owners of certain YouTube accounts. *See id.*, Ex. A at 6 (Letter of Request ¶ 8.a). Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal," namely, the Korea Court. *See id.*, Ex. A at 3–4 (indicating that the sender of the request is Kim Eun Sil, Director of International Affairs, National Court Administration, Republic of Korea).

### C. Discretionary Considerations Weigh in Favor of Granting the United States' Application

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings,

and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

"In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Korea Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Google is not a party to the foreign proceedings and is not subject to the Korea Court's jurisdiction because it is located in California; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Korea Court or the character of the proceedings. Additionally, this request was initiated by the Korea Court and not by an independent party. Ong Decl., Ex. A at 3–4 (stating the send of the request is Kim Eun Sil, Director of International Affairs, National Court Administration, Republic of Korea). Therefore, the Korea Court is clearly receptive to the

assistance of this Court and the second factor weighs in favor of granting the motion.  *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Korea Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent the Republic of Korea's discovery rules or to thwart policies of either the United States or the Republic of Korea.  *See id.* at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy.").  Therefore, the third *Intel* factor weighs in favor of granting the Korea Court's request for judicial assistance.

And with respect to the fourth factor, the request here seeks the name and other basic information regarding the owners of certain YouTube accounts, and, therefore, it would not be unduly intrusive or burdensome for Google to provide such evidence.  *See, e.g., id.* at 529 (holding that providing a DNA by buccal swab is not unduly burdensome); *see also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery, and as he had not done so, the Court was not going to address the scope of the request).  Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Korea Court.

### IV. CONCLUSION

Attached as Exhibit B to the Declaration of Emmet P. Ong is the proposed subpoena that this office intends to serve (in substantially similar form) on Google should the Court grant this application pursuant to 28 U.S.C. § 1782.  Upon receipt, the evidence will be sent to the Department of Justice, Civil Division, OIJA for transmission to the Korea Court.

WHEREFORE, the United States respectfully requests that the Court issue an order, in the form attached to this application, appointing Emmet P. Ong, Assistant United States Attorney, as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

| | | |
|---|---|---|
| 2 | DATED:  September 18, 2024 | Respectfully submitted, |
| 3 | | ISMAIL J. RAMSEY |
| | | United States Attorney |
| 5 | | */s/ Emmet P. Ong* |
| | | EMMET P. ONG |
| 6 | | Assistant United States Attorney |
| 7 | | *Attorneys for the United States of America* |