UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE | Case No.  24-mc-80237-EJD<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is the United States of America's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782(a) to execute a Letter of Request from judicial authorities in Seoul, Republic of Korea for international judicial assistance to obtain a statement from Google LLC.  ECF No. 1 ("Application").  For the reasons stated below, the Application is **GRANTED**.

I.   **BACKGROUND**

The Application arises from a request from the Seoul Northern District Court in Seoul, Republic of Korea ("Korea Court").  The Korea Court has issued a Letter of Request, dated May 13, 2024, requesting judicial assistance to obtain evidence for use in the civil action *Matter of Kim Jaemo*, No. 2023KASO363902 (Foreign Reference No. 2024-F-1660).  Declaration of Emmet P. Ong ("Ong Decl."), Ex. A (Letter of Request), ECF No. 1-2.

According to the Letter of Request, the Korea Court is adjudicating a civil action brought by Kim Jaemo seeking compensation for damages related to the alleged unauthorized use of photos.  Letter of Request ¶ 7.  To assist the plaintiff, the Korea Court is requesting the following evidence from Google with respect to the owners of the YouTube accounts with the usernames

1  @jiayun9341, @siukim3096, and @ronsanders: (1) "Personal information entered at the time of

2  registration (name, resident registration number, address, email, contact information); and (2)

3  "The phone number used to verify their YouTube channel." *Id.* ¶ 8.

4        The Korea Court's request was transmitted to the U.S. Department of Justice, Civil

5  Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA")

6  pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial

7  Matters. Ong Decl., Ex. A at 3. The request was then transmitted to the U.S. Attorney's Office

8  for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.*,

9  Ex. A at 1–2.

10        Applicant sent a letter to Google requesting its voluntary compliance with the Letter of

11  Request. Ong Decl. ¶ 4. On August 30, 2024, counsel for Google requested that Applicant serve

12  a subpoena requesting the evidence sought by the Letter of Request. *Id.* The present action

13  followed.

## II. LEGAL STANDARD

15  Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

16  evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

17  *Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

18  order a person residing or found within the district "to give his testimony or statement or to

19  produce a document or other thing for use in a proceeding in a foreign or international tribunal."

20  28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person

21  residing in the district of the court to which the application is made; (2) the discovery is for use in

22  a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

23  an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

24  (9th Cir. 2019).

25        In addition to the mandatory statutory requirements, the district court retains discretion in

26  determining whether to grant an application under § 1782(a) and may impose conditions it deems

27  desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-

Case No.: 24-mc-80237-EJD
ORDER GRANTING IN PART *EX PARTE* APPL.
2

exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

### III.   DISCUSSION

#### A.   Statutory Factors

Applicant has satisfied the three statutory criteria of Section 1782(a). First, Applicant satisfies the residence requirement because Google is headquartered in this District. Ong Decl. ¶ 5. Second, the discovery is sought for use in a civil foreign proceeding in the Republic of Korea. Letter of Request ¶ 8; 28 U.S.C. § 1782(a) (allowing discovery "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"). Third, Applicant is facilitating the request on behalf the Korea Court—an international tribunal. *See* Letter of Request 1 (sender of the request is Kim Eun Sil, Director of International Affairs, National Court Administration, Republic of Korea).

Based on the foregoing, the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

#### B.   Discretionary *Intel* Factors

##### 1.   Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even

Case No.: 24-mc-80237-EJD
ORDER GRANTING IN PART *EX PARTE* APPL.
3

1  though it is seeking discovery from a related, but technically distinct entity.") (quotation marks
2  and citation omitted).

3  Here, Google is not a party in the Korea Court proceeding and is not domiciled in the
4  Republic of Korea; therefore, the Korea Court would be unable to compel production of discovery
5  without the aid of Section 1782. "In these circumstances, the need for assistance pursuant to §
6  1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties
7  appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp.
8  Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S.
9  at 264). Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

### 2.   Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (quotations omitted).

Here, the Korea Court initiated the request, so it is plainly receptive to the assistance of this Court. Accordingly, the second *Intel* factor weighs in favor of granting the Application.

### 3.   Circumvention of Proof-Gathering Restrictions

The third factor—whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also favors granting the Application. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted).

Here, Applicant is bringing the request on behalf of the Korea Court. This is sufficient to demonstrate that the request for judicial assistance is not an attempt to circumvent foreign proof

Case No.: 24-mc-80237-EJD
ORDER GRANTING IN PART *EX PARTE* APPL.
4

1  gathering restrictions or policies imposed by the court that would prohibit the proof-gathering

2  sought here. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748

3  F. Supp. 2d 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy

4  Court itself, rather than a private litigant, provides sufficient assurance that the request does not

5  attempt to circumvent Czech discovery rules or Czech policy.").

6  Accordingly, there is nothing to indicate that the third *Intel* factor should weigh against

7  granting the Application.

### 4.     Unduly Intrusive or Burdensome

9  The fourth factor the Court must consider is whether the discovery sought is "unduly

10 intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or

11 burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re*

12 *Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

13 Here, Applicant seeks information from Google about the identified accounts, including

14 the name, resident registration number, address, email, contact information, and phone number.

15 Letter Request ¶ 8. These categories of information are clearly defined and should be easily

16 identified and produced with minimal burden. And Applicant does not seek the contents of any

17 communications associated with the anonymous individual.

18 The Court finds Applicant's request to be narrowly tailored to documents directly relevant

19 to the Korea Court proceeding, and the subpoena's scope suggests that the requested discovery is

20 not unduly intrusive or burdensome. Therefore, the Court finds that the fourth *Intel* factor favors

21 granting Applicant's request.

## IV.    CONCLUSION AND ORDER

23 Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies

24 the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor

25 granting the Application.

26 Accordingly, the Section 1782 Application is **GRANTED**. Applicant may serve the

27 proposed subpoena (ECF No. 1-2, Exhibit B) on Google, with the following requirements:

Case No.: 24-mc-80237-EJD
ORDER GRANTING IN PART *EX PARTE* APPL.
5

1. Applicant SHALL serve a copy of this Order on Google with the proposed subpoena;
2. Google may file—no later than 30 days after service or notice—a motion to quash or modify the subpoena before this Court;
3. If Google disputes the subpoena, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;
4. This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google.

**IT IS SO ORDERED.**

Dated: January 22, 2025

_____
EDWARD J. DAVILA
United States District Judge